[Crim. No. 4091. In Bank.—March 16, 1937.]

THE PEOPLE, Respondent, v. JOHN WOODS, Appellant.

W. W. Shea, Public Defender, and H. K. Forsman and R. A. Ferrario, Assistant Public Defenders, for Appellant.

U. S. Webb, Attorney-General, and Siebert L. Sefton, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Defendant John Woods, forty-eight years old, by profession a waiter on the Southern Pacific trains, was charged by information with murder committed in Alameda County on July 26, 1936, and entered a plea of not guilty.

The jury returned a verdict of first degree murder as charged, without recommendation. Defendant moved for a new trial. The motion was denied, and judgment pronounced that he pay the death penalty. He thereupon filed a statement of grounds of appeal and request for transcript, wherein he alleged that the district attorney had been guilty of prejudicial misconduct, and that the court had erred in its rulings during the trial and in directing the jury; also in refusing to reduce the degree of the crime.

An examination of the record shows abundant evidence in support of the verdict, and no error prejudicial to defendant appears. Nor does there appear to be any possible basis for reversal of the judgment or reduction of the degree of the crime.

Early in the evening of July 26, 1936, defendant, the deceased, Henry Shepherd, and others were participants in a card game of black jack in a house located at 1523 Eighth Street, Oakland. The game had been in progress some seventeen hours, and defendant was the loser by about $200. He asked Shepherd to step into the adjoining hall. The two men went into the hall, and defendant asked Shepherd for a loan of $10 ''or so'' to enable him to continue in the game. Shepherd told defendant he just could not let him have the money. Defendant thereupon drew a pistol and shot Shepherd twice. As Shepherd staggered into the kitchen, defendant followed, and there shot him a third time. The wounds, in right hand, left leg, and abdomen, were fatal. One witness testified that as Shepherd lay prone on the kitchen floor, defendant indicated that he was about to stamp on his face and, upon being dissuaded, used profane language and attempted to shoot the witness. After a further exhibition of uncalled-for profanity, defendant left for his own home where, shortly afterwards, the police found him and received from him the pistol with which he had done the shooting.

Upon trial, defendant made a weak attempt to establish self-defense by testifying that he accused Shepherd of using a marked deck of cards and cheating, whereupon, after an altercation, he testified, Shepherd slapped defendant's face. Defendant shoved him against the wall, and he came back drawing a knife, whereupon defendant pulled his gun and shot twice in the hall, but fired no further shot. The jury could scarcely be expected to believe this testimony, which appeared

highly incredible when viewed in the light of the account of the happening given by the several witnesses who were present in the card-room and in the house at the time. Such statements were also at variance with defendant's prior admissions with respect to the commission of the crime. We find no basis for a reversal of the judgment or reduction of the degree of the crime committed.

The judgment and the order denying a new trial are and each is affirmed.

Seawell, J., Shenk, J., Thompson, J., Curtis, J., Langdon, J., and Edmonds, J., concurred.